# Ballard Spahr
### LLP

210 Lake Drive East, Suite 200
Cherry Hill, NJ 08002-1163
TEL 856.761.3400
FAX 856.761.1020
www.ballardspahr.com

Roberto A. Rivera-Soto
Direct: 856.761.3416
riverasotor@ballardspahr.com

*VIA CM/ECF AND VIA REGULAR MAIL*

October 30, 2014

The Honorable Esther Salas
United States District Judge
Room 5076
M.L. King, Jr. Fed. Bldg. & Cthse.
50 Walnut Street
Newark, New Jersey 07102

The Honorable Michael A. Hammer
United States Magistrate Judge
Second Floor
M.L. King, Jr. Fed. Bldg. & Cthse.
50 Walnut Street
Newark, New Jersey 07102

Re:  *ROBINSON, ET AL. V. KIA MOTORS AM., INC., ET AL.*
     Civil Action No. 2:13-cv-00006-ES-MAH

Dear Judge Salas and Magistrate Judge Hammer:

This firm is counsel of record for defendant Kia Motors America, Inc. ("Kia") in the above referenced matter.

Kindly accept this letter memorandum in lieu of a more formal presentation in respect of the timeliness of plaintiffs' recent motion for class certification. We raise this matter informally in the hope that plaintiffs' untimely motion may be dismissed as premature without the need of full-blown briefing.

## PROCEDURAL BACKGROUND

On January 1, 2013, plaintiffs filed their original complaint (Dkt. No. 1) and, on March 5, 2013, Kia moved to dismiss that complaint (Dkt. No. 10). In response, on March 18, 2013, plaintiffs cross-moved for leave to file an amended complaint (Dkt. No. 15). That cross-motion was deficient for several reasons, not the least of which was that it did not include a proposed amended complaint and, hence, whether its futility could not be addressed. See Kia's March 25, 2013 opposition to plaintiffs' cross-motion for leave to file an amended complaint (Dkt. No. 17).

It was not until six months later, on September 16, 2013, that plaintiffs ultimately filed their proposed amended complaint (Dkt. No. 18). That filing triggered a September 25, 2013 letter inquiry from Kia (Dkt. No. 19), which resulted in the Court entering a text order (Dkt. No. 20) that (i) allowed Kia until October 28, 2013 to "submit a supplemental brief addressing whether plaintiffs' proposed amendment is futile[,]" (ii) provided that "[p]laintiffs may file a response by

A PA Limited Liability Partnership | Steven W. Suflas, Managing Partner

Atlanta | Baltimore | Bethesda | Denver | Las Vegas | Los Angeles | New Jersey | New York
Philadelphia | Phoenix | Salt Lake City | San Diego | Washington, DC | Wilmington
www.ballardspahr.com

The Honorable Esther Salas, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
October 30, 2014
Page 2

[November 11, 2013,]" and (iii) permitted Kia to seek leave to file a reply submission "[i]f, after reviewing plaintiffs' response, [Kia] feel[s] it necessary to file a reply submission[.]"

On October 28, 2013, Kia filed its supplemental and superseding memorandum in support of its motion to dismiss and in opposition to plaintiffs' cross-motion for leave to file an amended complaint (Dkt. No. 22). Plaintiffs failed to file a timely response. Instead, on November 24, 2013, plaintiffs filed what they titled a "reply brief in further opposition to defendant Kia Motors America, Inc.['s] motion to dismiss" (Dkt. No. 24) and, on November 29, 2013, plaintiffs filed what they styled as Exhibit "A" to a "certification" (although no certification had been filed by plaintiffs) (Dkt. No. 25). Dispensing with a formal reply, on December 2, 2013, Kia submitted a a letter brief addressing three distinct points (Dkt. No. 26).

On March 7, 2014, the case was reassigned to Magistrate Judge Hammer, who scheduled argument for June 20, 2014 on Kia's motion to dismiss and plaintiffs' cross-motion to amend (Dkt. No. 28). On October 14, 2014, Magistrate Judge Hammer issued an opinion and order granting in part and denying in part plaintiffs' motion to amend, and allowing plaintiffs until October 24, 2014 to file an amended complaint (Dkt. Nos. 32, 33). Magistrate Judge Hammer also denied as moot Kia's motion to dismiss, without prejudice to Kia's right to renew after the filing of plaintiffs' amended complaint. (Dkt. Nos. 32, 33).

On October 24, 2014, plaintiffs filed a new amended complaint (Dkt. No. 34). Because the amended complaint required correction, on October 27, 2014, plaintiffs filed yet another amended complaint (the" corrected amended complaint") (Dkt. 35).

The next day, on October 28, 2014, plaintiffs filed their motion for class certification (Dkt. No. 38). This letter followed.

## *ANALYSIS*

Kia does not wish to burden the record further with a formal opposition to plaintiffs' premature motion to certify the class: for present purposes, it suffices to note that plaintiffs' motion for class certification was filed the day after plaintiffs' filed their corrected amended complaint, which is well before Kia has had an opportunity to answer, move or otherwise respond to the corrected amended complaint, much less to conduct any discovery at all in this case. Against that backdrop, it is appropriate that the Court deny -- without prejudice -- plaintiffs' motion to certify the class as premature. Kia respectfully submits the following points for the Court's consideration.

In addition to being filed before Kia has had the opportunity to answer, move or otherwise respond to the corrected amended complaint, plaintiffs' motion to certify the class was filed before any discovery has occurred. As a result, the factual allegations in plaintiffs' corrected amended complaint are the only alleged facts in the record at this time; Kia is not due to answer, move or otherwise respond to plaintiffs' corrected amended complaint until November 24, 2014.

DMEAST #16297413 v1

The Honorable Esther Salas, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
October 30, 2014
Page 3

Without a competent and robust factual record, the Court cannot properly consider plaintiffs' motion to certify the class within the boundaries of Fed. R. Civ. P. 23(c)(1)(A), which states that "[a]t an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." (emphasis supplied). "An early practicable time" does not and cannot mean at the inception of the litigation, or so early in the litigation that a defendant is denied the opportunity to admit, deny, or move to dismiss plaintiffs' allegations, much less before discovery has been conducted. This must be so because a court's decision on a class certification motion should be based "on more information than the complaint itself affords." 7AA Wright & Miller, Fed. Prac. & Proc. Civ. § 1785.3 (3d ed. 1998-2014).

Simply stated, a sufficient factual record must exit before the Court can ascertain whether the requirements of Rule 23 are met. See, e.g., College of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co., 585 F.3d 33, 41 (1st Cir. 2009). "[C]lass composition (including compliance with the requirements of Rule 23) is not the issue at the inception of a class action." Ibid. (emphasis in original). Rather, "the existence vel non of a sufficiently defined class is appropriately addressed after some development of the facts and under Rule 23's established protocol for weighing the propriety of class certification." Ibid. Moreover, "[r]eviewing the complaint alone" almost never constitutes "a suitable method for determining whether a class eventually can be certified." Ibid.

The Federal Rules do not "require or encourage premature certification determinations[,]" but rather, "the class action process should be able to 'play out' according to the directives of Rule 23 and should permit due deliberation by the parties and the court on the class certification issues." Weiss v. Regal Collections, 385 F.3d 337, 347-48 & n.17 (3d Cir. 2004), as amended (Oct. 22, 2004) (citing Fed. R. Civ. P. 23(c)(1)(a) Advisory Committee Notes discussing 2003 amendment to Rule ("The former 'as soon as practicable' exaction neither reflect[ed] prevailing practice nor capture[ed] the many valid reasons that may justify deferring the initial certification decision.")).

In that vein, "courts have frequently ruled that discovery relating to the issue whether a class action is appropriate needs to be undertaken before deciding whether to allow the action to proceed on a class basis." Wright & Miller, supra, § 1785.3. Allowing discovery pertaining to a class certification motion often is necessary so that the Court may "probe behind the pleadings before coming to rest on the certification question." See Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc., 259 F.3d 154, 166 (3d Cir. 2001) (citing Gen. Tel. Co. of the SW v. Falcon, 457 U.S. 147, 160, 102 S. Ct. 2364, 2372, 72 L. Ed. 2d 740 (1982)). Following that lead, courts in this District have refused to decide class certifications issue at the motion to dismiss stage, emphasizing that "'the shape and form of a class action evolves only through the process of discovery.'" Oravsky v. Encompass Ins. Co., 804 F. Supp. 2d 228, 241 (D.N.J. 2011) (quoting Myers v. MedQuist, Inc., No. 05-4608, 2006 WL 3751210, at *4 (D.N.J. Dec. 20, 2006)).

The Honorable Esther Salas, U.S.D.J.
The Honorable Michael A. Hammer, U.S.M.J.
October 30, 2014
Page 4

Neither the Court nor Kia has had the benefit of discovery that would allow for a meaningful review of plaintiffs' class certification motion. Rather, because plaintiffs' corrected amended complaint was not filed until October 27, 2014, this case essentially has begun anew; the parties are now in the same place procedurally as they would have been if plaintiffs originally filed this lawsuit on October 27, 2014. By plaintiffs' premature motion, the Court and Kia are denied the facts each needs to make an informed decision as to whether a class should be certified and, if so, what the proper composition of the class should be.

* * * * *

We trust this letter is of assistance to the Court in denying, without prejudice, plaintiffs' motion for class certification as prematurely filed. Of course, if the Court prefers that this issue be presented in a more formal context, Kia respectfully requests that the Court establish a briefing schedule so that Kia may fully and completely oppose plaintiffs' far-too-early motion to certify a class by addressing its many deficiencies. Lastly, if the Court is to establish such a briefing schedule, Kia respectfully requests that Kia's opposition to plaintiffs' motion for class certification be deferred until after Kia's upcoming motion to dismiss plaintiffs' corrected amended complaint is decided.

Looking forward to the Court's advices, I remain,

Respectfully yours,

**BALLARD SPAHR LLP**

By: _/s/ Roberto A. Rivera-Soto_
Roberto A. Rivera-Soto

cc:   Shmuel B. Klein, Esq.
      (_VIA CM/ECF_)