IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

---

YVONNE ROBINSON, ROSE CIROS,
JESSE R. HOWELL, CHERYL MOXEY,
and ROBERT MCCONNELL,
individually and on behalf of
all others similarly situated,

   Plaintiffs,

v.           Civil Action No. 13-0006 (ES/MAH)

KIA MOTORS AMERICA, INC.,
HYUNDAI MOTOR COMPANY, and
XYZ CORP.,

   Defendants.

---

## ORDER GRANTING PRELIMINARY APPROVAL
## OF CLASS ACTION SETTLEMENT

  This matter having come before the Court upon a joint motion of the parties seeking preliminary approval of a class action settlement according to the terms of the Settlement Agreement and Release of Claims ("Agreement") (DE __); and the Court having read and considered the parties' joint motion, the Agreement, and the arguments and submissions of counsel; and having held a hearing on November 2, 2016; and for the reasons set forth on the record on November 2, 2016; and for good cause shown;

  IT IS this 2nd day of November, 2016, hereby

  **ORDERED** that the parties' joint motion for preliminary approval of a class action settlement shall be, and hereby is **GRANTED**, and it is further

  **ORDERED** that this Order incorporates by reference the definitions in the Agreement and all defined terms used herein shall have the same meanings as set forth in the Agreement; and it is further

**ORDERED** as follows:

1. The Court preliminarily approves the Agreement as fair, reasonable, and adequate, subject to further consideration at the Final Fairness Hearing as set forth below in Paragraph 9.

2. For purposes of this settlement only, the Court preliminarily certifies the "Settlement Class" defined as:

All persons in the United States who currently own or lease, or who previously owned or leased, a Class Vehicle. Excluded from the Settlement Class are the following: (a) officers and directors of KMA; (b) the judge to whom this Action is assigned and any member of that judge's immediate family; (c) persons with personal injury claims; and (d) persons who have submitted a timely and valid request for exclusion from the Settlement Class. "Class Vehicle(s)" consists of model year 2003 to 2006 Kia Sorento vehicles with 3.5 liter Sigma engines manufactured from March 1, 2002 through June 12, 2006.

3. By not objecting to the certification of the Settlement Class for purposes of the settlement only, and by taking other steps to negotiate, execute, and implement the Agreement, each party is not waiving any rights or defenses other than as expressly set forth in the Agreement.

4. The Settlement Class is preliminarily certified pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), and all members of the Settlement Class shall have the right to exclude themselves by way of the opt-out procedure set forth below in Paragraph 20.

5. The Court preliminarily finds, solely for purposes of the settlement, that the Action may be maintained as a class action on behalf of the Settlement Class because: (a) the members of the Settlement Class are so numerous that joinder of all members of Settlement Class is impracticable; (b) there are questions of law and fact common to the members of the Settlement Class that predominate

over any individual questions; (c) Plaintiffs' claims are typical of the claims of those members of the Settlement Class; (d) Plaintiffs and Settlement Class Counsel have fairly and adequately represented and protected the interests of all the members of the Settlement Class; and (e) a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

6. The Court preliminarily concludes that any applicable requirements of the Class Action Fairness Act have been met.

7. The Court preliminarily concludes that Plaintiffs fairly and adequately represent the interests of the Settlement Class and therefore designates Plaintiffs as representatives of the Settlement Class.

8. Pursuant to Federal Rule of Civil Procedure 23(g), and after consideration of the factors described therein and the arguments of the Parties, the Court designates as Settlement Class Counsel the law firm of Law Office of Shmuel Klein, P.A. The Court preliminarily finds that based on the work Settlement Class Counsel has done in identifying, investigating, and prosecuting the claims in the Action, Settlement Class Counsel's knowledge of the applicable law, and the resources Settlement Class Counsel has committed and will commit to representing the Settlement Class, Settlement Class Counsel has and will fairly and adequately represent the interests of the Settlement Class. The Court authorizes Plaintiffs and Settlement Class Counsel to enter into the Agreement on behalf of the Settlement Class, subject to final approval by this Court of the settlement. Plaintiffs and Settlement Class Counsel, on behalf of the Settlement Class, are authorized to take all appropriate action required or permitted to be taken by the Settlement Class pursuant to the Agreement to effectuate its terms.

9. The Court will conduct a Final Fairness Hearing at _11:00_ a.m. on _June 19, 2017_ at the United States District Court, District of New Jersey, in Courtroom _2C_, Martin Luther King Building & U.S. Courthouse, 50 Walnut

Street, Newark, New Jersey 07101 to determine: whether the proposed settlement of the Action on the terms and conditions provided for in the Agreement is fair, reasonable, and adequate as to the Settlement Class Members and should be approved; whether the Judgment, as provided for in the Agreement, should be entered; the amount of fees and costs, if any, that should be awarded to Settlement Class Counsel, and the amount of the service payment, if any, that should be awarded to Plaintiffs, as provided for in the Agreement. The Court will also hear and consider any timely and proper objections at that time.

10. The Court concludes that the notice provisions as set forth in Section IV of the Agreement are the only notice required and that such notice satisfies the requirements of Due Process, the Federal Rules of Civil Procedure, and any other applicable laws and rules, and constitutes the best notice practicable under the circumstances and shall constitute due and sufficient notice to all persons entitled thereto. The Court approves the form and content of the Claims Form and Notice attached as Exhibits A and B, respectively, to the Agreement. The Court directs that notice be sent to Settlement Class Members within 90 days after entry of this Preliminary Approval Order.

11. KMA, through the Settlement Administrator, will arrange and pay for the printing and mailing (via U.S. Mail) of the class Notice to all Settlement Class members. Using information provided by KMA and counsel for plaintiffs, as well as information it has collected on its own, R.L. Polk & Co. will compile and send to the Settlement Administrator the mailing list of potential Settlement Class Members consisting of all identifiable registered current and prior owners or lessees of Class Vehicles in the United States at their last known address. In the event the R.L. Polk & Co. and KMA address for the same individual conflicts, the R.L. Polk & Co. address will control.

12. R.L. Polk & Co. is hereby authorized to use the information provided by KMA to obtain the names and most current addresses of Class Vehicle owners through state agencies. Any state agency in possession of names or addresses of Class Members is hereby authorized and directed to release that information to R.L. Polk & Co. upon request.

13. Such class Notice shall be mailed by the Settlement Administrator with the Claims Form, in the form attached to the Agreement as Exhibits A and B. The Settlement Administrator shall complete mailing of the Notice within 90 days after the entry of this Preliminary Approval Order. The Settlement Administrator will utilize national address databases (such as the NCOA) and will otherwise make reasonable efforts to determine updated address information in order to promptly re-mail notices by First Class U.S. Mail, postage paid, to any Class Member whose notice is returned as undeliverable and will update contact data of Class Members as otherwise provided in the Agreement. KMA shall have no further obligation to locate or mail additional copies of the Notice.

14. The Settlement Administrator will maintain a website that contains information about the Settlement, copies of documents filed with the Court, frequently asked questions (FAQs), the class Notice, and the Claim Form. The Settlement Administrator will also set up a toll-free phone number available to Class Members who have questions about the claims process or need additional information.

15. KMA is authorized to respond to members of the Settlement Class about the Action and the terms of the proposed Settlement provided for in the Agreement and to engage in any other communication within the normal course of its business, with periodic notice to class counsel where practicable.

16. Within ten (10) days of the filing of the Preliminary Approval Motion, KMA will have complied with the requirements of 28 U.S.C. § 1715(b) and served

notice of the proposed settlement upon the appropriate Federal official and appropriate State official of each State in which a Class Member resides.

17. The Court approves the claims procedures set forth in Section VI of the Agreement. To be treated as valid, Claims Forms must be properly completed and postmarked within ninety (90) days from the mailing of the Notice.

18. All members of the Settlement Class who do not request exclusion ("opt out") from the Settlement Class pursuant to the requirements of Paragraph 20 below shall be bound by all determinations and judgments in the Action concerning the settlement, including, but not limited to, the dismissal of the Action with prejudice and the validity, binding nature, and effectiveness of the release set forth in Paragraph 51 of the Agreement.

19. The Court approves the Garden City Group, Inc., located at 1531 Utah Avenue South, Suite 600, Seattle, Washington, 98134, as the Settlement Administrator.

20. Any member of the Settlement Class who wishes to opt-out of the Settlement Class shall submit to the Settlement Administrator, with a postmark no later than forty-five (45) days after the last mailing of the class notice, an appropriate written request for exclusion by First Class U.S. Mail, postage paid, to the United States Post Office Box established by the Settlement Administrator for the purposes of the settlement. The request for exclusion must be personally signed by the Settlement Class Member and include: (a) their full name and current address; (b) the model year and model of their Class Vehicle(s) and the approximate date(s) of purchase or lease; (c) Vehicle Identification Number (VIN) of the Class Vehicle (d) a statement whether the Settlement Class Member requesting exclusion still owns or leases the Class Vehicle; and (e) a statement that the Settlement Class Member desires to be excluded from the Settlement Class.

21. Any member of the Settlement Class who has not previously opted-out in accordance with the terms of Paragraph 20 above (a "Settlement Class Member") may appear at the Final Fairness Hearing to argue that the proposed settlement should not be approved and/or to oppose any application for an award of attorneys' fees and costs or service payments to Plaintiffs; provided, however, that no Settlement Class Member shall be heard, and no objection may be considered, unless the Settlement Class Member has filed with this Court a valid written statement of the objection postmarked no later than twenty (20) days prior to the Final Fairness Hearing. Copies of all objection papers must be mailed by First Class U.S. Mail, postage paid, to the United States Post Office Box established and maintained by the Settlement Administrator for the purposes of this class settlement. All objections must also be filed with the Court and mailed to Settlement Class Counsel and on counsel for KMA at the following addresses:

As to Settlement Class Counsel:
Shmuel Klein, Esq.
**LAW OFFICE OF SHMUEL KLEIN, PA**
113 Cedarhill Avenue
Mahwah, New Jersey 07430

As to KMA:
Neal Walters, Esq.
**BALLARD SPAHR LLP**
210 Lake Drive East
Cherry Hill, New Jersey 08002-1163

To be valid, all objections must be in writing and include: (a) the objector's full name, current address, email address and telephone number; (b) the model year and vehicle identification number (VIN) of the objector's Class Vehicle(s); (c) a statement of whether the objector is a current or prior owner or lessee; (d) a statement of when the objector purchased or leased the Class Vehicle(s); (e) a

statement of the position the objector wishes to assert; (f) copies of all relevant documents; and (g) an identification of any objections filed in other matters by the objector in the previous five (5) years.

22. The costs of notice and settlement administration shall be paid as described in Paragraph 46 of the Settlement Agreement.

23. This Preliminary Approval Order, the Agreement, and any act performed or document executed pursuant to, in furtherance thereof, or in seeking entry of this Preliminary Approval Order:

(a) Will not be offered or received against any of the Released Parties as evidence of, or be construed as or deemed to be evidence of, any admission or concession by any of the Released Parties as to the truth or relevance of any fact alleged by Plaintiffs, the existence of any class alleged by Plaintiffs, the propriety of class certification had the Action been litigated rather than settled, or the validity of any claim that has been or could have been asserted in the Action or in any other litigation, or the validity of any defense that has been or could have been asserted in the Action or in any other litigation, or of any liability, negligence, fault, or wrongdoing of any of the Released Parties;

(b) Will not be deemed or construed to be an admission or evidence of any violation of any statute, law, rule, regulation, or principle of common law or equity, or of any liability or wrongdoing whatsoever, by Defendant or any of the other Released Parties, or of the truth of any of the claims or allegations in this Action. Evidence relating to the Agreement shall not be discoverable or used, directly or indirectly, in any way, whether in the Action or in any other action or proceeding, except for purposes of demonstrating, describing, implementing, or enforcing the terms and conditions of the Agreement, this Preliminary Approval Order, the Final Approval Order, and/or the Final Judgment and Order of Dismissal; and

(c) Will not be construed against Defendant or any of the Released Parties as an admission or concession that the consideration to be given under the Agreement represents the amount that could be or would have been recovered after trial.

24. Pending final determination of whether the settlement should be approved, Plaintiffs, all Settlement Class Members, and any person or entity allegedly acting on behalf of Settlement Class Members (directly, indirectly, representatively, as *parens patriae*, or in any other capacity) are preliminarily enjoined from commencing, instituting, continuing, pursing, maintaining, prosecuting, bringing, joining, or enforcing, directly or indirectly, in any judicial, administrative, arbitral, or other forum, any Released Claim(s) or any claim(s) relating to any action taken by a Released Party that is authorized or required by the Agreement or this Order. This injunction is necessary to protect the Court's flexibility and authority to effectuate this settlement and to enter judgment when appropriate and is ordered in aid of the Court's jurisdiction and to protect its judgments pursuant to 28 U.S.C. Section 1651(a).

25. The Court reserves the right to adjourn or continue the date of the Final Fairness Hearing without further notice to Settlement Class Members and retains jurisdiction to consider all further applications arising out of or connected with the settlement. The Court may approve the settlement without further notice to Settlement Class Members.

26. Within fourteen (14) days following this Court's order preliminarily approving the settlement, Settlement Class Counsel shall file with the Court an application for an award of attorneys' fees and costs not to exceed a total of $275,000.00 and for an award of service payments to all Representative Class Plaintiffs not to exceed a total of $15,500.00.

Case 2:13-cv-00006-MAH   Document 68-2   Filed 10/14/16   Page 59 of 60 PageID: 970

27. In the event that any of the provisions of this Preliminary Approval Order is asserted by any Released Party as a defense in whole or in part to any Released Claim, or otherwise asserted (including, without limitation, as a basis for a stay) in any other suit, action, arbitration, or other proceeding brought by a Settlement Class Member or any person actually or purportedly acting on behalf of any Settlement Class Member(s), that suit, action, arbitration, or other proceeding shall be immediately stayed and enjoined until the Court has entered an order or judgment finally determining any issues relating to such defense or assertion and no further judicial review of such order or judgment is possible. Solely for purposes of such suit, action, arbitration, or other proceeding, to the fullest extent they may effectively do so under applicable law, the Parties irrevocably waive and agree not to assert, by way of motion, as a defense or otherwise, any claim or objection that they are not subject to the jurisdiction of the Court or that the Court is, in any way, an improper venue or an inconvenient forum. This paragraph is necessary to protect and effectuate the Agreement, this Preliminary Approval Order, and the Court's flexibility and authority to effectuate the Agreement and is ordered in aid of the Court's jurisdiction and to protect its judgments.

28. If Final Settlement Approval does not occur, or if the Agreement terminates prior to Final Settlement Approval, the Parties shall return to the *status quo ante* in the Action, without prejudice to the right of any Party to assert any right or position that it could have asserted if the Agreement had never been reached, proposed, or preliminarily approved by the Court. In such an event, nothing in (1) the Agreement (as well as the negotiation, execution, or implementation of the Agreement), (2) the Preliminary Approval Order, or (3) filed in connection with seeking entry of the Preliminary Approval Order, shall be construed as an admission or concession by Defendant of any of the allegations raised in the Action or any other action, of any fault, wrongdoing, or liability of

any kind, or of the propriety of certification of a litigation class; nor is Defendant estopped from (i) challenging those allegations in further proceedings in the Action or in any other action, or (ii) opposing any subsequent class certification motion(s). Moreover in such event, the Parties shall be deemed to have preserved all of their rights or defenses and shall not be deemed to have waived any substantive or procedural rights of any kind that they may have as to each other or to any member of the proposed Settlement Class, including, without limitation, the right to move to compel arbitration as to any claims that might be asserted by any of the Plaintiffs or by any member of the proposed Settlement Class and the right to oppose any class certification motion(s) on any ground. In addition, in such event, the certification of the Settlement Class shall be vacated, and the operative complaint in the Action shall be the Corrected Amended Class Action Complaint filed on October 27, 2014, and the certification of the Settlement Class for settlement purposes shall not be considered as a factor in connection with any subsequent class certification motion(s).

29. All proceedings in this Action are stayed pending final approval of the settlement, except as may be necessary to implement the settlement or comply with or enforce the terms of the Agreement or District Court Orders.

DATED: 11/2, 2016

By: _____
HON. MICHAEL A. HAMMER
UNITED STATES MAGISTRATE JUDGE