# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY
# NEWARK VICINAGE

| | |
|---|---|
| YVONNE ROBINSON, ROSE CIROS, JESSE R. HOWELL, CHERYL MOXEY, and ROBERT MCCONNELL, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>KIA MOTORS AMERICA, INC., HYUNDAI MOTOR COMPANY, and XYZ CORP.,<br><br>Defendants. | Civil Action No. 13-0006 (ES/MAH) |

## [~~PROPOSED~~] ORDER GRANTING THE PARTIES' JOINT MOTION FOR FINAL APPROVAL, ENTERING JUDGMENT REGARDING SETTLEMENT, AND DISMISSING ACTION WITH PREJUDICE

WHEREAS, this matter has come before the Court pursuant to the Parties' Joint Motion for an Order Granting Final Approval of Class Action Settlement and Certifying a Settlement Class (the "Motion");

WHEREAS, the Court finds that it has jurisdiction of this Action;

WHEREAS, on November 2, 2016, this Court granted the Parties' Joint Motion for Preliminary Approval of the Class Action Settlement (the "Preliminary Approval Order");[1]

---

[1] Capitalized terms in this order have the meanings specified in the Settlement Agreement.

WHEREAS, the Settlement Class conditionally certified in the Preliminary Approval Order has been appropriately certified for settlement purposes only;

WHEREAS, the Court held a hearing on June 19, 2017 to consider the fairness, reasonableness, and adequacy of the Settlement Agreement, has been advised of all objections to the settlement, and has given fair consideration to all objections;

WHEREAS, the Court has considered the Motion, the Settlement Agreement (including its exhibits), and objections to the proposed settlement; and

WHEREAS, the Court otherwise fully advised in the premises and has considered the record of these proceedings, the representations, arguments, and recommendations of counsel for the parties, and the requirements of law.

AND FOR THE REASONS SET FORTH ON THE RECORD ON JUNE 19, 2017; AND FOR GOOD CAUSE SHOWN;

**IT IS HEREBY ORDERED THAT:**

I. **FINAL APPROVAL OF THE SETTLEMENT AGREEMENT**

The terms of the Settlement Agreement are approved. The settlement is in all respects fair, reasonable, adequate, and proper, and in the best interest of the Settlement Class. In reaching this conclusion, the Court has considered a number of factors, including an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense, and

possible duration of litigation in the absence of a settlement; the nature and extent of any objections to the settlement; and the stage of proceedings at which the settlement was reached. The proposed settlement was entered into by experienced counsel and only after extensive arms'- length negotiations. The proposed settlement is not the result of collusion. It was entered into in good faith, is reasonable, fair, and adequate, and is in the best interest of the Settlement Class. Class Counsel and the Class Representatives have fairly and adequately represented the Settlement Class.

## II.   CLASS CERTIFICATION FOR SETTLEMENT PURPOSES

### A.   Certification of Settlement Class

Consistent with its Preliminary Approval Order, the Court hereby grants class certification of the following Settlement Class for purposes of final approval:

> All persons in the United States who currently own or lease, or who previously owned or leased, a Class Vehicle. Excluded from the Settlement Class are the following: (a) officers and directors of KMA; (b) the judge to whom this Action is assigned and any member of that judge's immediate family; (c) persons with personal injury claims; and (d) persons who have submitted a timely and valid request for exclusion from the Settlement Class. "Class Vehicle( s )" consists of model year 2003 to 2006 Kia Sorento vehicles with 3.5 liter Sigma engines manufactured from March 1, 2002 through June 12, 2006.

## B. Rule 23(a)

With respect to the proposed Settlement Class, this Court has determined that, for purposes of settlement of the Action only, Plaintiffs have satisfied each of the Rule 23(a) prerequisites.

1. The Class Members are so numerous that joinder of all members is impracticable. FED. R. CIV. P. 23(a)(1).

2. There are questions of law or fact common to the Settlement Class. FED. R. CIV. P. 23(a)(2). Common questions of law or fact include: (1) whether the Settlement Class Vehicles were subject to a common design defect; (2) whether Kia Motors America, Inc. ("KMA") failed to adequately disclose material facts related to the Settlement Class Vehicles prior to sale; (3) whether KMA's conduct was unlawful; and (4) how any resulting monetary damages to consumers should be calculated.

3. The claims of the Class Representatives are typical of the claims of the Settlement Class. FED. R. CIV. P. 23(a)(3). They have alleged that KMA sold defective vehicles and failed to disclose (or to adequately disclose) material facts to members of the Settlement Class.

4. The Class Representatives will fairly and adequately protect the interests of the Settlement Class. FED. R. CIV. P. 23(a)(4). The Class Representatives do not have interests that are antagonistic to the Settlement Class and are fully aligned with the interests of other Settlement Class Members. Accordingly, the Court finds that the Class Representatives have satisfied Rule 23(a) for purposes of evaluating the settlement.

## C. Rule 23(b)(3)

The Court also "finds that the questions of law or fact common to class members predominate over any questions affecting only individual members," and that "a class action is superior to other available methods for fairly and efficiently

DMEAST #29507134 v2      4

adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

Here, Settlement Class Members share a common legal grievance arising from KMA's alleged failure to disclose or adequately disclose material facts about an alleged defect in the design of the crankshaft pulley bolt and so-called "balancer" that could cause damage to the Settlement Class Vehicles' engines. Common legal and factual questions predominate over any individual questions that may exist for purposes of this settlement, and the fact that the Parties are able to resolve the case on terms applicable to all Settlement Class Members underscores the predominance of common legal and factual questions for purposes of this settlement. In concluding that the Settlement Class should be certified pursuant to Rule 23(b)(3) for settlement purposes, the Court further finds that a class action is superior for purposes of resolving these claims because individual class members have not shown any interest in individually controlling the prosecution of separate actions. Moreover, the cost of litigation likely outpaces the individual recovery available to any Settlement Class Members. See FED. R. CIV. P. 23(b)(3)(A). Accordingly, the Court finds that, for purposes of this settlement, Rule 23(b)(3) has also been satisfied.

### III. CONSIDERATION OF THE GIRSH AND PRUDENTIAL FACTORS

The Court finds, upon review of the Settlement Agreement and consideration of the factors enunciated in Girsh v. Jepson, 521 F.2d 153, 157 (3d

Cir. 1975) and In re Prudential Insurance Co. of America Sales Practices Litigation, 148 F.3d 283, 323 (3d Cir. 1998), that the Settlement Agreement and the proposed benefits to the Settlement Class is fair, reasonable and adequate and in the best interests of the Settlement Class members. Accordingly, the terms of the Settlement Agreement, including all exhibits thereto, are approved in their entirety by the Court and incorporated into this Order as if expressly set forth and shall have the same force and effect of an Order of the Court.

## IV. NOTICE

The Court finds that the notice program set forth in the Settlement Agreement (i) satisfied the requirements of Rule 23(c)(3) and due process; (ii) was the best practicable notice under the circumstances; (iii) reasonably apprised Settlement Class Members of the pendency of the action and their right to object to the proposed settlement or opt out of the Settlement Class; and (iv) was reasonable and constituted due, adequate, and sufficient notice to all those entitled to receive notice. Additionally, the Class Notice adequately informed Settlement Class Members of their rights in the Action. See FED. R. CIV. P. 23(c)(2).

## V. DISMISSAL WITH PREJUDICE

The Court hereby enters a judgment of dismissal, pursuant to FED. R. CIV. P. 54(b), of the claims by the Settlement Class Members, with prejudice and without costs, except as specified in this order, and except as provided in the

Court's order related to Plaintiffs' motion for attorneys' fees, expenses, and incentive awards. The Clerk of Court is directed to close this docket.

## VI. RELEASES AND FURTHER RELIEF

Pursuant to the Settlement Agreement, the Class Representatives and Settlement Class Members forever release, discharge, and covenant not to sue the Released Persons regarding any of the Released Claims. With respect to all Released Claims, the Class Representatives and the Settlement Class Members expressly waive and relinquish the Released Claims to the fullest extent permitted by law. These releases apply even if the Class Representatives or Settlement Class Members subsequently discover facts in addition to or different from those which they now know or believe to be true.

Neither this Final Order nor the Settlement Agreement is an admission or concession by the Defendants of any actual or potential fault, omission, liability or wrongdoing. This Judgment is not a finding of the validity or invalidity of any claims in this Action or of any wrongdoing by the Defendants. Neither this Final Order nor the Court's Findings of Facts and Law, the Settlement Agreement or the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document shall be used as an admission of any actual or potential fault or omission by any person or be offered or received in evidence as an admission, concession, presumption or inference against any party in any proceeding other

than such proceedings as may be necessary to consummate or enforce the Settlement Agreement.

## VII. OPT-OUTS

A list of Settlement Class Members who have timely elected to opt out of the Settlement Class, and who therefore are not bound by the settlement or this Order, is attached to this Order as Exhibit A. All other members of the Settlement Class shall be subject to all of the provisions of the Settlement Agreement and this Order.

## VIII. OBJECTIONS

The Court has considered each of the objections, finds that they are unpersuasive and therefore overrules all of them.

## IX. CONTINUING JURISDICTION

Without affecting in any way the finality of this Order, the Court retains jurisdiction over the Parties, including all Settlement Class Members, to construe and enforce the settlement for the mutual benefit of the Parties. The Court retains jurisdiction to enter any orders necessary or appropriate in implementing the Settlement Agreement, including but not limited to orders enjoining Settlement Class Members from prosecuting Released Claims. Consistent with the Settlement Agreement, it is further ordered that Settlement Class Members are permanently

barred from initiating, asserting, or prosecuting any Released Claims against any of the Released Persons in any federal or state court in the United States or any other tribunal.

## X. REPORTING REQUIREMENT

Defendant KMA shall, within ninety (90) days of the effective date of the settlement, file a report setting forth the following:

1. The total number of claims received from Settlement Class Members;

2. The number of claims honored;

3. The number of claims denied;

4. The number of claims for which the Settlement Administrator sought additional information from the vehicle owners; the number of owners who provided additional information; and the ultimate number of those claims that were honored and denied; and

5. The number of checks for honored claims that remain unclaimed after 180 days, and the efforts of the Settlement Administrator to comply with the New Jersey Uniform Unclaimed Property Act, N.J.S.A. 46:30B-1, *et seq*, as set forth in Section 6, Paragraph 53(c), of the Settlement Agreement.

**IT IS SO ORDERED.**

DATED:
6/19/2017

HON. MICHAEL A. HAMMER
UNITED STATES ~~DISTRICT~~ JUDGE
MAGISTRATE